IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD AND JAMELA
MITCHELL,

            Plaintiffs,

    v.

DEUTSCHE BANK NATIONAL
TRUST CO., as indenture Trustee for
Accredited Mortgage Loan Trust
2004-1, MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, and
DOES I-X,

          Defendants.

CIVIL ACTION FILE

NO. 1:13-CV-00304-WSD-GGB

Removed from the Superior Court of
DeKalb County, Georgia
Case No. 12CV12893-3

## **FINAL REPORT AND RECOMMENDATION**

This wrongful foreclosure case has been removed to federal court from the Superior Court of DeKalb County, Georgia. Plaintiffs Reginald and Jamela Mitchell, who are proceeding without counsel, assert that Defendants Deutsche Bank National Trust Co. ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") violated the Truth-in-Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership Equity Protection Act ("HOEPA") and state law by commencing foreclosure proceedings against Plaintiffs' home. This case is now before the Court on Defendants' motion to dismiss (Doc. 7). Plaintiffs have

not filed a response to the motion.  After review, I conclude that the complaint fails to state a claim upon which relief can be granted.[1]  Accordingly, I **RECOMMEND** that the motion to dismiss (Doc. 7) be **GRANTED** and that Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

## I.      Legal Standard

A court must dismiss any complaint that fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  The complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1964 (internal quotation marks omitted).  Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  Id. at 555, 127 S.Ct. at 1964-65.

---

[1]Because I conclude that the complaint fails to state a claim for relief, I do not address Defendants' alternative argument that the complaint is barred by judicial estoppel.

2

## II.     Background

The factual allegations supporting each of Plaintiffs' claims will be discussed in more detail below, but first, it will be useful to set forth some background information concerning Plaintiffs' mortgage.  According to the complaint, Plaintiffs obtained a mortgage loan from Accredited Home Lenders, Inc., ("Accredited") in December of 2003 to finance the purchase of property located at 530 Riverbirch Trace in Stone Mountain, Georgia.  (Doc. 1-1, Complaint ¶ 1).  As part of this transaction, Plaintiffs executed a security deed in favor of MERS, as the nominee for Accredited.  (Id. ¶ 6). Accredited later attempted to transfer the mortgage note to Deutsche Bank, as trustee for Accredited Mortgage Loan Trust 2004-1 ("the Trust").  (Id. ¶ 5).[2]

On July 9, 2010,  Plaintiffs received a notice of foreclosure which named Select Portfolio Servicing as the loan servicer and Deutsche Bank as the party with authority to negotiate concerning the loan.  (Id. ¶ 7).  Plaintiffs deny that they defaulted on their mortgage obligations, but Plaintiffs admit that they have withheld payments "pending legal validation of Defendants' standing."  (Id. ¶ 13).  Plaintiffs have not alleged that the foreclosure sale has actually taken place.

---

[2]As will be discussed below, Plaintiffs challenge the validity of this transfer.

3

## III.    Discussion

### A.    Fraud

The first enumerated cause of action in Plaintiffs' complaint is a claim for fraud. (Doc. 1-1, Complaint ¶¶ 52-57).  Plaintiffs argue that their original mortgage lender, Accredited, engaged in a practice of filing false prospectus supplements with the Securities and Exchange Commission.  (Id. ¶¶ 52-54).  These documents indicated that certain loans had been transferred into pooling and servicing agreements, but, in fact, there were no records documenting the transfers.  (Id. ¶ 54).  Plaintiffs note that their own mortgage was supposedly not transferred into the Trust until 2010, which was well after the Trust's closing date of 2004.  (Id. ¶ 56).  Finally, Plaintiffs assert that "if the loan is not part of the free writing prospectus, the truth of the matter is clearly revealed; Plaintiffs' loan was never transferred as Defendants would have the court believe."  (Id. ¶ 57).

Under Georgia law, a plaintiff must allege five elements to state a claim for fraud: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages proximately caused by the misrepresentation. JarAllah v. Schoen, 243 Ga.App. 402, 403-04, 531 S.E.2d 778, 780 (2000).  In addition, Federal Rule of Civil Procedure

AO 72A
(Rev.8/82)

9(b) requires a claim for fraud to be stated "with particularity." That means that the plaintiff must specify "the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." <u>U.S. ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006) (internal quotation marks and alteration omitted).

Here, Plaintiffs have alleged that the loan originator, Accredited, filed certain false prospectuses, but they have not named Accredited as a defendant in this action. Neither MERS nor Deutsche Bank can be held liable for any fraud committed by Accredited. Plaintiffs also make general allegations that the mortgage never was properly transferred to the Trust as Defendants contend. However, Plaintiffs have not provided any details about these false statements or described when they were made. Therefore, Plaintiffs have failed to state a claim for fraud with particularity. <u>See</u> Fed.R.Civ.P. 9(b); <u>U.S. ex rel. Atkins,</u> 470 F.3d at 1357.

## B.    **Wrongful Foreclosure**

Plaintiffs' complaint also includes a claim for wrongful foreclosure. (Doc. 1-1, Complaint ¶¶ 58-61). Plaintiffs acknowledge that they signed a Waiver of Borrower's Rights, but they contend that this waiver is invalid because a person's Fifth and Fourteenth Amendment rights are "inalienable." (<u>Id.</u> ¶ 69). They assert that neither

Defendant was the secured creditor, and, therefore, neither Defendant had standing to foreclose. (Id. ¶¶ 60-61).

These allegations fail to state a claim to relief. As an initial matter, Plaintiffs have not alleged that the foreclosure sale has actually been completed. If the foreclosure sale has not yet taken place, then Plaintiffs cannot bring a claim for wrongful foreclosure. See, e.g., Edwards v. BAC Home Loan Serv., L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D.Ga. Sep. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred."); Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D.Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").

In addition, Plaintiffs have not demonstrated that Defendants lacked standing to initiate foreclosure proceedings. Plaintiffs state that their mortgage note was never properly transferred into the Trust, and that Deutsche Bank therefore was not the secured creditor. In Georgia, however, a party does not have to be a secured creditor or note holder in order to start foreclosure proceedings. A party may also foreclose if it holds a security deed that includes a power of sale. See You v. JP Morgan Chase

Bank, N.A., 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013) (stating that the holder of a security deed may foreclose even if it does not also hold the mortgage note); see also Gordon v. South Cent. Farm Credit, ACA, 213 Ga.App. 816, 817, 446 S.E.2d 514, 515 (1994) ("[A] security deed which includes the power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies.") (internal quotation marks omitted).

Here, Plaintiffs executed a security deed in favor of MERS.  (See Doc. 1-1, Complaint ¶ 6).  Later, Plaintiffs received a foreclosure notice that listed Deutsche Bank as the party with authority to modify the loan, which suggests that the security deed had been transferred to the Trust.  (See id. ¶ 7)   As holder of the security deed, Deutsche Bank had standing to initiate foreclosure proceedings, even if the mortgage note was never properly transferred as Plaintiffs allege.  See You, 293 Ga. at 74, 743 S.E.2d at 433.  Plaintiffs have failed to state a claim for wrongful foreclosure.

This count of the complaint could also be liberally construed as a claim for attempted wrongful foreclosure.  The tort of attempted wrongful foreclosure requires a plaintiff to show that the defendant made "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Fin. Co. v.

7

Culpepper, 171 Ga.App. 315, 319, 320 S.E.2d 228, 232 (1984). Here, Plaintiffs have not shown that Defendants published false statements about their financial condition. At one place in their complaint, Plaintiffs state that they were not in default of their mortgage obligations, but they go on to admit that they have withheld certain payments that were due under the loan. (See Doc. 1-1, Complaint ¶ 13). Therefore, the notice of foreclosure did not make a false statement when it indicated that Plaintiffs had failed to make the required loan payments. Accordingly, Plaintiffs have not stated a claim for attempted wrongful foreclosure. See Aetna Fin. Co., 171 Ga.App. at 319, 320 S.E.2d at 232.

### C.   TILA and HOEPA

Next, Plaintiffs assert that Deutsche Bank and MERS have "unclean hands" because they failed to make certain disclosures required by TILA, such as the amount financed, the finance charge, the timing of payments, and the annual percentage rate. (Doc. 1-1, Complaint ¶¶ 62-63). Plaintiffs state that they wish to rescind the mortgage transaction. (Id. ¶ 63(b)). Plaintiffs also raise a claim under HOEPA, a statute which amended TILA to require certain additional disclosures in cases involving "high cost" home loans. (Id. ¶¶ 67-68); see 15 U.S.C. § 1639; Bryant v. Mortg. Capital Res. Corp., 197 F.Supp.2d 1357, 1360 n.4 (N.D. Ga. 2002). Plaintiffs contend that Defendants

8

failed to make disclosures required by HOEPA and "committed intentional predatory lending by including prohibited terms." (Id. ¶ 68).

Claims for damages under TILA and HOEPA are subject to a one-year or a three-year limitations period, depending on the type of claim being asserted. See 15 U.S.C. § 1640(e) (establishing a three-year limitations period for claims under 15 U.S.C. §§ 1639, 1639b, and 1639c, and a one-year limitations period with respect to all other claims). The statute of limitations begins to run on "the date of the occurrence of the violation." Id.; see also In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) (stating that TILA's statute of limitations begins to run "when the transaction is consummated."). When a lender takes a security interest in a consumer's principal dwelling, TILA also permits the consumer to rescind the transaction within three days. 15 U.S.C. § 1635(a). If the lender fails to make certain disclosures, this right of rescission is extended for up to three years. 15 U.S.C. § 1635(f).

Plaintiffs obtained their loan from Accredited on December 31, 2003. (See Doc. 1-1, Complaint ¶ 1). Assuming for the sake of argument that all of Plaintiffs' claims for monetary damages are subject to the longer three-year limitations period, Plaintiffs

AO 72A
(Rev.8/82)

had to file their complaint no later than December of 2006.  <u>See</u> 15 U.S.C. § 1640(e).

Plaintiffs also had until December of 2006 to make their demand for rescission.  <u>See</u> 15

U.S.C. § 1635(f).  However, Plaintiffs did not file their complaint in this matter until

December of 2012, well after the limitations period had expired.  (<u>See</u> Doc. 1-1,

Complaint).  Accordingly, Plaintiffs' claims under TILA and HOEPA are untimely.

### D.    RESPA

Plaintiffs also assert that Defendants or their predecessors in interest violated

RESPA in a number of ways.  (Complaint ¶ 65).  First, Plaintiffs assert that they were

not given the "Housing and Urban Development special information booklet," a

Mortgage Servicing Disclosure Statement, or a good faith estimate of settlement and

closing costs.  (<u>Id.</u> ¶ 65(a)).  Next, Plaintiffs observe that they did not receive an annual

Escrow Disclosure Statement for each year of the mortgage.  (<u>Id.</u> ¶ 65(b)).  Plaintiffs

also contend that Defendants accepted fees or kickbacks in exchange for referrals,

received fees for services not actually performed, and collected improper charges during

the closing process.  (<u>Id.</u> ¶ 65(c), (d)).

Most of the RESPA violations that Plaintiffs describe took place at the time of

closing.  (<u>See id.</u>).  Neither of the Defendants was involved in the loan origination

process, and they cannot be held liable for any RESPA violations committed by

Accredited.  Moreover, any claims related to the December 2003 closing are barred by RESPA's statute of limitations, which is one year or three years, depending on the type of claim being asserted.  <u>See</u> 12 U.S.C. § 2614 (establishing a three-year statute of limitations for violations of 12 U.S.C. § 2605, and a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 and 2608).

Plaintiffs do make one allegation that could potentially be timely: they assert that Defendants failed to provide them with an annual Escrow Disclosure Statement for each year of the mortgage.  (<u>See</u> Doc. 1-1, Complaint ¶ 65(b)).  However, that statutory duty applies only to loan servicers, <u>see</u>  12 U.S.C. § 2609(c)(2),  and here, neither MERS nor Deutsche Bank was responsible for servicing the loan. (<u>See</u> Doc. 1-1, Complaint ¶ 7) (stating that the foreclosure notice identified Select Portfolio Servicing as the loan servicer).  Moreover, the Eleventh Circuit has held that individual plaintiffs do not have a private right of action under § 2609.  <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1360 (11th Cir. 2006).  Thus, Plaintiffs cannot bring a claim based upon the fact that they did not receive an annual Escrow Disclosure Statement.  Plaintiffs have failed to state a viable claim for relief under RESPA.

### E.   Fraud in the Inducement

Plaintiffs' complaint also includes a claim for fraud in the inducement. (Doc. 1-1, Complaint ¶¶ 69-74).   They state that they entered into the mortgage transaction because the Defendants or their predecessors in interest led them to believe that: (1) Defendants would be looking out for their interests; (2) they would receive the best mortgage available; (2) the loan was a "good" loan, and (3) it would result in a substantial benefit to them.   (Id. ¶¶ 70, 72).   Plaintiffs contend that all of these statements were false.   (Id. ¶¶ 73-74).   Plaintiffs further allege that Defendants failed to make required disclosures, charged excessive fees, and gave kickbacks to third parties. (Id. ¶ 74(vii)).   Finally, Plaintiffs state that Defendants rushed them through the closing process so that they would not be able to review the documents that they were signing.   (Id. ¶ 74(viii) and (x)).

As noted above, a claim for fraud has five elements: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damages.   JarAllah, 243 Ga.App. at 403-04, 531 S.E.2d at 780.   In this case, all of the false statements that Plaintiffs have identified were made during the loan origination process.   However, neither MERS nor Deutsche Bank was involved in the origination of the loan.   Those

AO 72A
(Rev.8/82)

Defendants cannot be held liable for any false statements made by the original lender, Accredited. Plaintiffs have failed to state a claim for fraudulent inducement against MERS or Deutsche Bank.

### F.    Quiet Title

Next, Plaintiffs' complaint raises a claim for quiet title under O.C.G.A. § 23-3-40 and O.C.G.A. § 23-3-60 <u>et seq.</u> (Doc. 1-1, Complaint ¶¶ 75-78). Plaintiffs assert that Defendants slandered their title by initiating foreclosure proceedings. (<u>Id.</u> ¶ 76). Plaintiffs also contend that Defendants have failed to proffer evidence proving that they have standing to conduct a foreclosure sale. (<u>Id.</u>). Plaintiffs ask the Court to declare the mortgage null and void. (<u>Id.</u> ¶ 78).

Georgia law provides for two separate types of quiet title proceedings. First, a plaintiff may bring a <u>quia timet</u> action, in which the plaintiff asks a court to cancel "any instrument which has answered the object of its creation" (for example, a mortgage note that has been paid off), or "any forged or other iniquitous deed or writing" that casts a cloud over the plaintiff's title. O.C.G.A. § 23-3-40. Here, Plaintiffs seek to cancel their mortgage, but they have not alleged that the loan has been paid in full. (<u>See</u> Doc. 1-1, Complaint ¶¶ 75-78). That is the only way that Plaintiffs could show that the mortgage note or the security deed has "answered the object of its creation." Plaintiffs also do not

AO 72A
(Rev.8/82)

contend that the mortgage note or security deed are forged or are otherwise "iniquitous."   Instead, they merely argue that the note never was lawfully assigned to Defendants.  The allegations in Plaintiffs' complaint are insufficient to state a claim for quia timet under O.C.G.A. § 23-3-40.

The second type of quiet title proceeding authorized by Georgia law is an in rem action for quiet title against all the world.  O.C.G.A. § 23-3-60 et seq.  An action for quiet title against the world is brought to conclusively establish "that certain named persons are the owners of all the interests" in a particular piece of land.  O.C.G.A. § 23-3-60.  To properly plead a claim for quiet title against the world, the plaintiff must file

> (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c).  A quiet title petition that fails to include these documents is subject to dismissal.  GHG, Inc. v. Bryan, 275 Ga. 336, 336, 566 S.E.2d 662, 662 (2002).  Here, Plaintiffs have not submitted a plat survey of the land or a copy of the instruments upon which their claim is based.  Therefore, Plaintiffs have not stated a viable claim for quiet title under O.C.G.A. § 23-3-60 et seq.

Plaintiffs also make a conclusory allegation that Defendants slandered their title by initiating foreclosure proceedings. (See Doc. 1-1, Complaint ¶¶ 75-76). Under Georgia law, a plaintiff "may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. To state a claim for slander of title, a plaintiff must allege "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Latson v. Boaz, 278 Ga. 113, 114, 598 S.E.2d 485, 487 (2004) (internal quotation marks omitted).

In their complaint, Plaintiffs make a conclusory allegation that Defendants' "fraudulent assignment" slandered their title, but they do not identify any specific false statements that were published by Defendants.[3] (See Doc. 1-1, Complaint ¶¶ 75-76). Moreover, Plaintiffs do not make any plausible allegation that they suffered special damages. Special damages are those that flow directly from the tortious action, and they "must be pled and proven with particularity." Sanders v. Brown, 257 Ga.App. 566, 568, 571 S.E.2d 532, 535 (2002). Here, Plaintiffs have not alleged that they suffered

---

[3]Notably, Plaintiffs acknowledge that they have withheld payments due under the note. (See Doc. 1-1, Complaint ¶ 13). Therefore, the foreclosure notice did not slander Plaintiffs' title when it suggested that they were in default.

15

any damages as a direct result of any false statements. (<u>See</u> Doc. 1-1, Complaint ¶¶ 75-76). Therefore, they have not sufficiently pled a claim for slander of title.

### G.   Fraudulent Assignment

Plaintiffs' complaint also raises a claim for fraudulent assignment. (Doc. 1-1, Complaint ¶¶ 79-87). They suggest that the transfer of the mortgage note to the trust was invalid because the transfer did not occur until years after the trust had closed. (<u>See</u> <u>id.</u> ¶ 84). By that time, Accredited had already declared bankruptcy and ceased doing business. (<u>Id.</u>). Because the Trust never properly acquired the mortgage note, Plaintiffs argue that Defendants are not the secured creditor, and therefore, lack standing to foreclose. (<u>See</u> <u>id.</u> ¶¶ 80-83, 85-87).

Plaintiffs lack standing to challenge the assignment of their mortgage note because they were not parties to the assignment contract. <u>Breus v. McGriff</u>, 202 Ga.App. 216, 216, 413 S.E.2d 538, 539 (1991) (stating that "strangers to the assignment contract . . . have no standing to challenge its validity."). In any event, Deutsche Bank would have standing to foreclose on Plaintiffs' property even if the assignment of the note to the trust was somehow invalid. The Georgia Supreme Court has explained that a party holding a security deed may exercise a power of sale even if that party does not possess the corresponding mortgage note. <u>See</u> <u>You</u>, 293 Ga. at 74, 743 S.E.2d at 433.

16

Plaintiffs' allegations concerning a fraudulent assignment fail to state a viable claim for relief.

### H.    Other Claims

Finally, Plaintiffs state that Defendants "are guilty of intentional infliction of emotional distress, negligent infliction of emotional distress, unfair business practices, and attempted wrongful foreclosure."  (Doc. 1-1, Complaint ¶ 92).  These conclusory allegations fail to state a claim to relief.  Plaintiffs have not alleged that Defendants engaged in any extreme or outrageous conduct that would support a claim for intentional infliction of emotional distress.  See Yarbray v. S. Bell Tel. & Tel. Co., 261 Ga. 703, 706, 409 S.E.2d 835, 837 (1991) (stating that a plaintiff may recover for intentional infliction of emotional distress only if the defendant engaged in extreme and outrageous conduct).  Plaintiffs cannot recover for negligent infliction of emotional distress because they did not suffer any physical injuries.  Bruscato v. O'Brien, 307 Ga.App. 452, 456-57, 705 S.E.2d 275, 280 (2010) (noting that Georgia follows the "impact rule" for negligent infliction of emotional distress, under which a plaintiff may only recover if he suffered a physical impact that caused an injury).

Plaintiffs also have not identified any specific unfair business practices that would violate the Georgia Fair Business Practices Act or any similar statute.  See

17

<u>Castellana v. Conyers Toyota, Inc.</u>, 200 Ga.App. 161, 165, 407 S.E.2d 64, 68 (1991) ("A prerequisite to stating a claim for relief under the Fair Business Practices Act is the commission of some unfair act or deceptive practice, from which the Act is designed to protect the public.").

In addition, Plaintiffs have failed to state a claim for attempted wrongful foreclosure for the reasons described in Part III(B), above.  In short, the conclusory allegations in Paragraph 92 of the complaint fail to state a claim for relief.

## IV.   Plaintiffs' claims should be dismissed with prejudice.

The final question for the Court to consider is whether Plaintiffs' claims should be dismissed with prejudice or whether Plaintiffs should be granted leave to amend. The Eleventh Circuit has held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991), <u>overruled in part by</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541 (11th Cir. 2002) (<u>en banc</u>).[4]  However, a court need not grant leave to amend if the proposed amendment would be futile or if the plaintiff has indicated that

---

[4]<u>Wagner</u> overruled <u>Bank</u> with respect to cases where the plaintiff is represented by counsel, but <u>Wagner</u> did not alter <u>Bank</u>'s holding with respect to cases involving <u>pro se</u> litigants.  <u>Wagner</u>, 314 F.3d at 542 and n.1.

AO 72A
(Rev.8/82)

he does not wish to amend his complaint. Id. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, any amendment to Plaintiffs' complaint would be futile. Plaintiffs' claims for fraud and fraud in the inducement relate to actions taken by the original lender, Accredited, which is not a party to this lawsuit. Neither MERS nor Deutsche Bank can be held liable for these alleged fraudulent acts. Plaintiffs cannot state a claim for wrongful foreclosure because no foreclosure sale has taken place, and because the Georgia Supreme Court has rejected their argument that a party must be a secured creditor in order to foreclose. See You, 293 Ga. at 74, 743 S.E.2d at 433. Plaintiffs' claims under TILA, HOEPA, and RESPA either are untimely, or are brought under statutory sections that do not create a private right of action. Plaintiffs lack standing to bring a claim for fraudulent assignment. See Breus, 202 Ga.App. at 216, 413 S.E.2d at 539.

Plaintiffs' complaint also makes references to quiet title, slander of title, intentional infliction of emotional distress, negligent infliction of emotional distress, and unfair business practices. Plaintiffs have provided very little in the way of factual

19

allegations to support any of those claims. It appears, however, that all of those claims are premised on the theory that the attempted foreclosure was unlawful because the mortgage note was never transferred to the trust. As explained above, Plaintiffs lack standing to challenge the assignment of the mortgage note, and, in any event, Deutsche Bank did not have to possess the mortgage note in order to initiate foreclosure proceedings. Therefore, Plaintiffs cannot bring claims for quiet title, slander of title, unfair business practices, or emotional distress related to the foreclosure. I recommend that all of Plaintiffs' claims be dismissed with prejudice.

## V.    Conclusion

For the reasons stated above, I conclude that Plaintiffs' complaint fails to state a viable claim for relief. Accordingly, I **RECOMMEND** that Defendants' motion to dismiss (Doc. 7) be **GRANTED** and that Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

IT IS SO RECOMMENDED this 25th day of September, 2013.

_Gerrilyn G. Brill_

GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

20