IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD AND JAMELA MITCHELL,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO., as indenture Trustee for Accredited Mortgage Loan Trust 2004-1, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., and DOES I-X,<br><br>Defendants. | 1:13-cv-00304-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [13] ("R&R") on the Motion to Dismiss filed by Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Mortgage Electronic Registration System Incorporated ("MERS") [7].

## I.     BACKGROUND[1]

### A.     Procedural History

On December 3, 2012, Plaintiffs Reginald and Jamela Mitchell (collectively, "Plaintiffs") filed their *pro se* Complaint against Deutsche Bank and MERS in the Superior Court of DeKalb County, Georgia.  (Notice of Removal at 2).  The Complaint alleged federal violations of the Truth-in-Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Homeownership Equity Protection Act ("HOEPA").  (Id. at 3).   The Complaint also asserted the following state law claims: (1) fraud; (2) wrongful foreclosure; (3) quiet title; (4) slander of title; (5) infliction of emotional distress and (6) unfair business practices. (Id.).

On January 29, 2013, Defendants Deutsche Bank and MERS filed a Notice of Removal [1] and removed this case to this Court.  On June 4, 2013, the Defendants moved to dismiss [7] the Complaint for failure to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure.[2]  See Fed. R. Civ. P. 8(a).

---

[1] The R&R includes a detailed discussion of the relevant facts, in its fact section and throughout the opinion.  None of the parties objected to the Magistrate Judge's findings of fact, and finding no plain error, the Court adopts them.

[2] Plaintiff also names "Does I-X" as Defendants in this action.  Federal courts do not generally permit fictitious-party pleading, unless the unknown defendant is described with specificity.  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir.

Plaintiffs did not oppose, or otherwise respond to, Defendants' Motion to Dismiss. On September 25, 2013, Judge Brill issued her R&R on the Defendants' Motion to Dismiss. [13]. Judge Brill recommended that the Plaintiffs' Complaint be dismissed because the Plaintiffs failed to state any federal or state law claim upon which relief could be granted. Judge Brill also recommended that the Plaintiffs' Complaint be dismissed with prejudice because a more carefully drafted Amended Complaint would be futile to Plaintiffs' claims. No objections to the R&R have been filed.

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's Final R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Because no objections to the R&R have been filed, the Court reviews the

---

2010). The Complaint does not contain specific allegations of wrongdoing against the John Doe Defendants is sufficient to identify them. For these reasons, they are they are required to be dismissed.

R&R for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    TILA, HOEPA and RESPA

The crux of the Plaintiffs' claims under these federal statutes is that the Defendants failed to provide them with the required disclosures, thereby allowing Plaintiffs to rescind their mortgage transaction and seek damages.  The Magistrate Judge concluded that the Plaintiffs' claims arising under TILA, HOEPA and RESPA are barred by the statute of limitations.

    *1.*    *Legal Standard*

The statute of limitations period under TILA, HOEPA and RESPA is either one year or three years depending upon the type of claim asserted.  See 15 U.S.C. § 1640(e) (establishing a three year limitations period for claims under 15 U.S.C. §§ 1639, 1639b and 1639c, and a one year limitations period with respect to all other claims); see also 12 U.S.C. § 2614 (establishing a three year limitations period for violations of 12 U.S.C. § 2605, and a one year limitations period for violations of 12 U.S.C. §§ 2607 and 2608).  The Eleventh Circuit has held that the statute of limitations under these federal statutes begins to run "when the transaction is consummated."  In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984).

2.   *Analysis*

On December 31, 2003, the Plaintiffs received their mortgage from Accredited Home Lenders Inc. ("Accredited"), a predecessor in interest to Defendant Deutsche Bank.  Even if the Court assumes that the longer limitations period of three years applies, the Plaintiffs' claims under TILA, HOEPA and RESPA are barred because the Plaintiffs did not commence this action until December 2012, which is almost six years after the limitations period expired.  The Court finds no plain error in the Magistrate Judge's findings and recommendation that Defendants' Motion to Dismiss Plaintiffs' federal claims be granted.[3]

C.   Fraud[4]

The Plaintiffs allege that Accredited, the originator of their mortgage, (i) filed false prospectuses with the Securities and Exchange Commission

---

[3] The Court also finds no plain error in the Magistrate Judge's conclusion that the Defendants' alleged failure to provide Plaintiffs with an annual Escrow Disclosure Statement does not satisfy the pleading requirements of Rule 8.  Plaintiffs cannot bring a claim based on Defendants' failure to provide an annual Escrow Disclosure Statement because that duty extends only to loan servicers, and Defendants were not responsible for servicing the loan at any time.  See 12 U.S.C. § 2609 (c)(2).  RESPA also does not provide individual plaintiffs with a private right of action to sue for nondisclosure of escrow statements.  Hardy v. Regions Mortg. Inc., 449 F.3d 1357, 1360 (11th Cir. 2006).

[4] Plaintiffs' fraud claim is outlined in detail in the R&R, and will not be repeated here.

regarding the transfer of their mortgage into the Loan Trust administered by Deutsche Bank, and (ii) made various false statements during the loan origination process.  Accredited is not a defendant in this action.  The Magistrate Judge concluded that neither Deutsche Bank nor MERS can be held liable for any alleged fraud committed by Accredited.  The Magistrate Judge also found that the Plaintiffs did not provide any details about the alleged misrepresentations regarding the transfer of their mortgage to the Loan Trust with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure.

*1.     Legal Standard*

Complaints that allege fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting fraud must be stated with particularity.  "A complaint satisfies Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral representations, who made the statements, the time and place of the statements, the content of the statements and manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud."  In re Theragenics Corp. Sec. Litig., 105 F. Supp. 2d 1342, 1347 (N.D.Ga. 2000) (citing Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir.1997)).

In Georgia, to adequately plead a claim for fraud, including fraudulent inducement, a plaintiff must allege: (i) a false representation; (ii) scienter; (iii) intent to induce the plaintiff to act or refrain from acting; (iv) justifiable reliance; and (v) damage proximately caused by the representation.  See JarAllah v. Schoen, 243 Ga. App. 402, 404, 531 S.E.2d 778, 780 (2000).

2. *Analysis*

The Court finds no plain error in the Magistrate Judge's conclusion that the Plaintiffs' fraud claim is required to be dismissed.  The Defendants cannot be held liable for any misrepresentations made during the loan origination process because the Defendants did not participate in the origination of the loan.  Plaintiffs' generalized fraud allegations regarding the transfer of their mortgage to the Loan Trust administered by Defendant Deutsche Bank fail to specify when the misrepresentations were made, who made the misrepresentations, or provide any other details about the alleged misrepresentations.  For these reasons, the fraud claim also fails to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.  The Court thus finds no plain error in the Magistrate Judge's recommendation that Plaintiffs have failed to plead a claim for fraud with the specificity and particularly that Rule 9(b) of the Federal Rules of Civil Procedure demands.

D. <u>Wrongful Foreclosure</u>

Plaintiffs next claim that the Defendants wrongfully foreclosed on their home.  On July 9, 2010, Plaintiffs received a notice of foreclosure which named Select Portfolio Servicing as the loan servicer and Deutsche Bank as the entity authorized to negotiate regarding the loan and its terms.  (Compl. at ¶¶ 7-13).  It is undisputed that no foreclosure sale has taken place in this case.  Plaintiffs admit that they are not current on their loan obligations even though Plaintiffs characterize their default as withheld payments "pending legal validation of Defendants' standing."  (<u>Id.</u> at ¶ 13).

3. *Legal Standard*

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must establish that: (1) the foreclosing party owes a legal duty to the plaintiff; (2) breach of that duty; (3) a causal connection between the breach of that duty and the injury sustained; and (4) damages.  <u>All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank</u>, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006).  "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose."  <u>DeGoyler v. Green Tree Serv., LLC</u>, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quoting <u>Brown v. Freedman</u>, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)).

*4.     Analysis*

Plaintiffs failed to plead a cognizable claim based on wrongful foreclosure because a foreclosure sale has not occurred.  Thomas v. Bank of America, N.A., No. 1-13-CV-2530-RWS, 2013 WL 5493389, at *3 (N.D.Ga. Sep. 30, 2013). Plaintiffs also cannot maintain a wrongful foreclosure claim because they deliberately failed to make loan payments, and as a result, any injury they alleged to have sustained is a result of their own decision to withhold payments on their mortgage.  See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale).

Even if the Complaint is liberally interpreted as asserting a claim for attempted wrongful foreclosure, the claim is required to be dismissed.  Under Georgia law, a claim of attempted wrongful foreclosure requires a plaintiff to show that the defendant made a "knowing and intentional publication of untrue and

9

derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319 (1984); see also Ezuruike v. Bank of New York Mellon, No. 1:11-cv-4030-JEC, 2012 WL 3989961, at *1-2 (N.D. Ga. Sept. 11, 2012) (dismissing attempted wrongful foreclosure claim where "plaintiff makes no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition").

Here, Plaintiffs acknowledge that they have not paid amounts due on their mortgage and have not shown that there was any untrue or derogatory information in any foreclosure notice that was sent. The Court finds no plain error in the Magistrate Judge's finding and recommendation that Plaintiffs have failed to allege a wrongful foreclosure claim or attempted wrongful foreclosure claim.

D.      Plaintiffs' Other State Law Claims

Plaintiffs assert additional conclusory allegations to support state law claims of fraudulent assignment, quiet title, slander of title, emotional distress, and unfair business practices. The Magistrate Judge found that Plaintiffs do not have standing to challenge the assignment of their mortgage note to the Loan Trust administered by Deutsche Bank because Plaintiffs were not a party to the assignment contract.

With respect to Plaintiffs' quiet title claim, the Magistrate Judge found that Plaintiffs did not allege that the loan had been paid in full or that the mortgage note or security deed was the product of forgery.  The Magistrate Judge further found that while Plaintiffs accused the Defendants of slandering their title, their Complaint did not properly identify any specific false statements made by the Defendants, and their Complaint did not plead any special damages sustained by the Plaintiffs.

The Magistrate Judge also found that Plaintiffs failed to assert claims for emotional distress and unfair business practices because they failed to identify any extreme or outrageous conduct, physical injuries or any specific business practices that would violate the Georgia Business Practices Act.  The Court finds no plain error in the Magistrate Judge's recommendation that these remaining state law claims be dismissed.

### E. Leave to Amend

Prior to dismissal of a claim filed by a *pro se* party, a district court should afford that party an opportunity to amend where a more carefully drafted complaint might state a claim upon which relief could be granted.  See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (error to dismiss complaint by a *pro se* litigant with prejudice without first giving the plaintiff an opportunity to amend the

complaint if a more carefully drafted complaint might state a claim).  The Court agrees with the Magistrate Judge's conclusion that Plaintiffs' claims are without merit, and that amendment would be futile.  See id.; see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiffs have not, and cannot, state a viable claim against Defendants, and their claims are required to be dismissed.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Gerrilyn Brill's Final Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendant Deutsche Bank's Motion to Dismiss and Defendant MERS's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 12th day of December 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE